Fahey, J.
Viewed in the light most favorable to the defendant, the summary judgment record on the plaintiffs motion for partial summary judgment establishes that there are no material facts in dispute with respect to plaintiffs claim for declaratory relief under G.L.c. 231A, and that plaintiff is entitled to judgment as a matter of law.
The sole issue to be decided on summary judgment is whether, under G.L.c. 183A, §6, certain condominium fees charged to the plaintiff create a statutory lien against the plaintiffs property (the condominium) that takes priority over the defendant’s existing first mortgage lien. It is undisputed that the amount charged to the plaintiff in this case constitutes a charge under G.L.c. 183A, §6(a)(ii). Plaintiff seeks declaratory judg *702 ment that, under the statute, such a charge does not assume priority over an existing first mortgage. Defendant seeks a declaratory judgment that G.L.c. 183A, §6(a)(ii) expressly provides that such charges may be treated as “Common Expenses” entitling the organization of unit owners to a statutory lien that takes priority over its prior existing mortgage interest in the plaintiffs condominium.
General Laws c. 183A, §6(c) governs priority of liens that can result from common expenses made by an organization of condominium owners. Under §6(c)(ii), such liens do not take priority over a prior first mortgage. However, §6 expressly states that liens for common expenses are “[p]rior to [a first mortgage] to the extent of the common expense assessments based on the budget adopted pursuant to subsection (a). . . which would have become due . . . during the six months immediately preceding institution of an action to enforce the lien . . (Emphasis added.) Only subsection (a)(i) discusses common expense assessments that must be made based on a budget adopted at least annually. The condominium charges assessed against the plaintiff in this case, specifically repairs to plumbing located in a common area appurtenant to the plaintiffs unit, are governed by subsection (a)(ii) which does not address charges based on an annual budget. Thus, the lien arising from the charges against the plaintiff does not receive priority over the defendant’s existing mortgage under G.L.c. 183A, §6(c).
The defendant’s Cross-Motion for Summary Judgment is denied for the reasons that: 1) as stated above, the defendant is not entitled to summary judgment on Count I of the plaintiffs claim, arid 2) the defendant’s entitlement to judgment in its favor as a matter of law on the plaintiff s claims of unfair and deceptive practices under G.L.c. 93A (Count II), and for intentional infliction of emotional distress (Count III), were not even addressed by the defendant in its papers. Accordingly, this Court' denies the defendant’s motion.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion for Partial Summary Judgment is ALLOWED. With respect to the defendant’s Cross-Motion for Summary Judgment as to the plaintiffs remaining claims, the defendant has failed to advance legal arguments establishing that it is entitled to judgment as a matter of law. Therefore, it is further ORDERED that the defendant’s Cross-Motion for Summary Judgment is DENIED.